IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MAUREEN E. CALISI,                §
          Plaintiff,          §
                          §
v.                          §          CASE #: 1:11-cv-10671-DJC
                          §
ABBOTT LABORATORIES,     §
          Defendant.     §

## MOTION TO IMPOUND CONFIDENTIAL INFORMATION AND EXHIBITS

     Pursuant to Local Rule 7.2, Plaintiff, Maureen Calisi, hereby respectfully moves this Court to impound and/or otherwise allow her to file under seal certain documents that have been marked confidential by Abbott Laboratories ("Abbott").  She would respectfully show the Court as follows:

     1.     On February 9, 2012, this Court signed a Protective Order [Dkt. # 28] with respect to the disclosure of discovery materials that Abbott holds to be confidential and proprietary. Although Plaintiff does not believe that her case should be litigated in secret or otherwise outside the public eye, she does recognize that in order to facilitate discovery, it is the unfortunate norm for pharmaceutical companies to require protective orders to be in place before disclosing corporate documents.

     2.     Throughout the course of this and other related Humira personal injury cases, Abbott has disgorged more than six million documents marked confidential.  Plaintiff's counsel has undertaken a review of this immense production for relevant materials.

     3.     Plaintiff is filing:  1) Plaintiff's Response in Opposition to Defendant's Motion to Exclude Causation Testimony under Federal Rule of Evidence 702, and (2) Plaintiff's Response in Opposition to Abbott's Motion for Summary Judgment.

4.     In support of these two responses there are certain deposition testimony excerpts and exhibits attached to: (1) Plaintiff's Statement of Material Facts in Support of Opposition to Abbott's Motion for Summary Judgment, (2) Plaintiff's Response to Defendant's Statement of Material Facts, and (3) Plaintiff's Brief in Opposition to Defendant's Motion to Exclude Causation Testimony that are highly relevant to the issues contained therein and that have been marked confidential by Abbott. Thus, in order to respect the Court's Protective Order, and not run afoul of it, Plaintiff requests the Court grant her leave to file these identified exhibits under seal and/or otherwise impounded from public view.  A listing, and brief description, of the exhibits at issue will be provided below for the Court's examination.

5.     Importantly, although Plaintiff is filing this motion, she does not acquiesce or otherwise agree to litigate her case in secret.  As such, she expressly reserves her right to seek to unseal or unimpound these exhibits at a later point in time according to the terms of the Protective Order (whereby Abbott will have the burden of proving the necessity of such confidentiality).

6.     The impound order is requested to be lifted at the earliest date of (1) the express terms of the Protective Order, (2) agreement of the parties, or (3) by ruling on any future motion to unseal/unimpound.

7.     The following list are the exhibits that Plaintiff asks the Court to allow her to file under seal and/or impound:

EXHIBITS TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO ABBOTT'S MOTION FOR SUMMARY JUDGMENT -

•      Ex. 4-Humira Psoriasis Approval Plan-FILED UNDER SEAL;

•      Ex. 5-Klareskog KOL email dated Sept 2005-FILED UNDER SEAL;

•      Ex. 7-Ghostwritten Email Dated Sept 2004-FILED UNDER SEAL;

- Ex. 8 Schiff and Burmester Ghostwritten Email Dated Jan. 2006-FILED UNDER SEAL;

- Ex. 9-Biologics in General Medicine Ghostwriting-FILED UNDER SEAL;

- Ex. 10-Klareskog Ghostwritten Article Dated Oct 2006-FILED UNDER SEAL;

- Ex. 11-Schiff and Burmester Ghostwritten Article Dated March 2005-FILED UNDER SEAL;

- Ex. 18-Ory Depo-FILED UNDER SEAL;

- Ex. 20-Klareskog Email Dated May 2006-FILED UNDER SEAL;

- Ex. 21-JAMA Response Strategy-FILED UNDER SEAL;

- Ex. 22-May 2006 Email Bongartz Publication-FILED UNDER SEAL;

- Ex. 24-Internal Email Dated Oct. 2010-FILED UNDER SEAL;

- Ex. 27-Embrescia Depo-FILED UNDER SEAL;

- Ex. 28-Medich Depo (Jones)-FILED UNDER SEAL;

- Ex. 29-Pangan Depo-FILED UNDER SEAL;

- Ex. 30-July 2002 BLA-FILED UNDER SEAL;

- Ex. 31-May 2003 Adverse Event Report-FILED UNDER SEAL;

- Ex. 32-Integrated Safety Summaryx2-FILED UNDER SEAL;

- Ex. 33-Medich Depo (Tietz)-FILED UNDER SEAL;

- Ex. 40-Votzmeyer Depo-FILED UNDER SEAL;

- Ex. 41-June 9 2004 Email-FILED UNDER SEAL;

- Ex. 43-Oct 2004 Sales Rep Letter-FILED UNDER SEAL;

- Ex. 44-Sept 2005 Email-FILED UNDER SEAL;

- Ex. 45-Sales Toolx-FILED UNDER SEAL;

- Ex. 46-Harnch Depo-FILED UNDER SEAL;

- Ex. 47-Oct 2004 Email-FILED UNDER SEAL; and

- Ex. 48-Strategic Communications Plan-FILED UNDER SEAL.

EXHIBITS TO PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS -

- Ex. G-PsA Structural Damage & Physical Function Indication Telewebx-FILED UNDER SEAL;

- Ex. L-Call Notes-FILED UNDER SEAL; and

- Ex. N-Wolfe Proposal-FILED UNDER SEAL.

EXHIBITS TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE CAUSATION TESTIMONY -

- Ex. 2-Medich Depo-FILED UNDER SEAL; and

- Ex. 3-Ory Depo-FILED UNDER SEAL.

### Certificate of Conference

Plaintiff contacted counsel for Abbott on November 21, 2012, to determine if they would agree to remove the confidentiality provisions for the above exhibits.  They said they were not prepared to do so at this time.  To be fair, Abbott has agreed to remove confidentiality designations in the past, and they well might do so in this instance, but Plaintiff chooses to err on the side of caution in filing her responses.

WHEREFORE, Plaintiff respectfully requests that this Court grant this Motion to Impound Confidential Information and Exhibits in support of her various  filings and grant her leave to file the above identified exhibits under seal in support of her (1) Response in Opposition to Defendant's Motion to Exclude Causation Testimony under Federal Rule of Evidence 702, and (2) Response in Opposition to Abbott's Motion for Summary Judgment.

Respectfully submitted,

PERDUE KIDD & VICKERY

*/s/ Arnold Anderson (Andy) Vickery*
Arnold Anderson (Andy) Vickery
Texas Bar No. 20571800
Jim M. Perdue, Jr.
Texas Bar No. 00788180
Fred H. Shepherd
Texas Bar No. 24033056
510 Bering Dr., Suite 550
Houston, TX  77057-1469
Telephone:  713-520-2500
Facsimile:  713-520-2525
Email:  andy@justiceseekers.com
Email:  jperduejr@justiceseekers.com
Email:  fred@justiceseekers.com
*Lead Counsel for Plaintiff*
[Admitted *Pro Hac Vice*]

Christopher C. Trundy
Massachusetts Bar #555622
P. O. Box 1203
New Bedford, MA  02741
Telephone:  508-984-4000
Facsimile:  508-999-1670
Email:  christrundy@trundylaw.com
*Counsel for Plaintiff*

## Certificate of Service

I certify that on this 21st day of November, 2012, Motion to Impound Confidential Information and Exhibits has been electronically filed with the Clerk using the CM/ECF system, which will automatically send email notifications of such filing to the following attorneys of record:

Richard M. Zielinski, Esq.
Elizabeth K. Levine, Esq.
GOULSTON & STORRS
400 Atlantic Avenue
Boston, MA  02110-2607

Michael P. Foradas, Esq.
Renee D Smith, Esq.
Andrew P. Bautista, Esq.
Whitney L. Becker, Esq.
Brenton Rogers, Esq.
Douglas G. Smith, Esq.
KIRKLAND & ELLIS, LLP
300 North LaSalle Street
Chicago, IL  60654

Traci L. Shafroth, Esq.
KIRKLAND & ELLIS, LLP
555 California Street
San Francisco, CA  94104

*/s/ Arnold Anderson (Andy) Vickery*
Arnold Anderson (Andy) Vickery